1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL JAMES WALKER,

11              Petitioner/Plaintiff,              No. CIV S-10-0053 WBS EFB P

12        vs.

13   ARNOLD SCHWARZENEGGER,
     et al.,
14              Respondents/Defendants.            ORDER

15   _____/

16        Michael J. Walker, an inmate confined at Pleasant Valley State Prison, and proceeding

17   pro se, commenced this action with a document labeled as "Common Law Declaration in Chief

18   Ad damnum and Demand for Jury Trial, Common Law Writ of Mandamus, and Declaratory,

19   Injunctive Reliefs, By Article III § 2, Common law and Amendments 1, 2, 4, 5, 6, 7, 8, and 9."

20   Dckt. No. 1.  In addition, petitioner filed an application to proceed in forma pauperis and a

21   request for the appointment of counsel.  This proceeding was referred to this court by Local Rule

22   302 pursuant to 28 U.S.C. § 636(b)(1).

23   **I.      Request to Proceed In Forma Pauperis**

24        Petitioner has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

25   Dckt. No. 2, 9.  Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1)

26   and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff

1

1  to collect and forward the appropriate monthly payments for the filing fee as set forth in 28

2  U.S.C. § 1915(b)(1) and (2).

3  **II.     Request for Appointment of Counsel**

4         Petitioner has requested that the court appoint counsel.  In exceptional circumstances, the

5  court may request counsel to voluntarily represent a party.  28 U.S.C. § 1915(e)(1); *Terrell v.*

6  *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36

7  (9th Cir. 1990).  The court finds that there are no exceptional circumstances in this case.

8  Petitioner also indicates his desire to have a fellow inmate be appointed as his "common law co-

9  counsel."  Dckt. No. 3.  Unless this inmate is an attorney, he has no authority to represent

10  petitioner in court.  *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997); *Church*

11  *of the New Testament v. U.S.*, 783 F.2d 771, 773-74 (9th Cir. 1986).  While petitioner may

12  submit papers prepared by someone other than himself, he must sign those papers or otherwise

13  acknowledge that he wants them filed on his behalf.  *See* Fed. R. Civ. P. 11(a) ("Every pleading,

14  written motion, and other paper must be signed by at least one attorney of record in the

15  attorney's name--or by a party personally if the party is unrepresented.").

16  **III.    Screening Order**

17         The nature of this action is not clear from petitioner's initial filing.  *See* Dckt. No. 1.

18  To the extent petitioner seeks a writ of mandamus, such request should be denied.  Petitioner

19  requests that the court issue orders against various state and county officials.  However, in a

20  mandamus action, the court can only issue orders against employees, officers or agencies of the

21  United States.  28 U.S.C. § 1361. Given petitioner's request for a jury, reference to "defendants,"

22  and allegations, albeit, vague and conclusory, of various constitutional violations, petitioner may

23  be seeking to challenge the conditions of his confinement under 42 U.S.C. § 1983.  Construing

24  petitioner's filing as a complaint alleging civil rights violations, the court will screen it pursuant

25  to 28 U.S.C. § 1915A.  "On review, the court shall identify cognizable claims or dismiss the

26  complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to

1 state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

2 who is immune from such relief." *Id.* § 1915A(b).

3      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

4 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

5 the alleged violation was committed by a person acting under the color of state law. *West v.*

6 *Atkins*, 487 U.S. 42, 48 (1988).

7      A district court must construe a pro se pleading "liberally" to determine if it states a

8 claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

9 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

10 detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

11 action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct.

12 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

13 must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

14 plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

15      A claim has facial plausibility when the plaintiff pleads factual content that allows
       the court to draw the reasonable inference that the defendant is liable for the
16     misconduct alleged. The plausibility standard is not akin to a "probability
       requirement," but it asks for more than a sheer possibility that a defendant has
17     acted unlawfully. Where a complaint pleads facts that are merely consistent with a
       defendant's liability, it stops short of the line between possibility and plausibility
18     of entitlement to relief.

19 *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

20 framework of a complaint, they must be supported by factual allegations, and are not entitled to

21 the assumption of truth. *Id.* at 1950.

22      Petitioner's filing, construed as a complaint, violates Rule 8(a) of the Federal Rules of

23 Civil Procedure.  The complaint is so prolix and obscure that the court cannot reasonably

24 discharge its responsibility under § 1915A until petitioner complies with the pleading

25 requirements set forth in Rule 8.  This rule requires the pleader to set forth his averments in a

26 simple, concise, and direct manner.  The degree of simplicity and conciseness required depends

1   on the subject matter of the litigation, the nature of the claims or defenses presented and the

2   number of parties involved.  Wright & Miller, *Federal Practice & Procedure*, vol. 5 § 1281 & n.

3   12 (1990) (explaining that an antitrust or copyright pleading due to its complexity, must be

4   pleaded with more detail than a simple negligence complaint).  Before undertaking to determine

5   whether the complaint may have merit, the court may insist upon compliance with its rules. *See*

6   *McNeil v. United States*, 508 U.S. 106, 113  (1993) (federal rules apply to all litigants, including

7   prisoners lacking access to counsel); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)

8   (encouraging "firm application" of federal rules in prisoner cases).

9        In reviewing the complaint, the court is required to guess who is being sued for what.  If

10  the pleading were served in its present form it would not give defendants fair notice of the claims

11  against them and their best guess about the nature of the complaint may be quite different than

12  the court's.  *See, McHenry v. Renne*, 84 F.3d 1172, 1170-78 (9th Cir. 1996) (court should be able

13  to read the complaint in minutes, not hours, and may consider the rights of defendants to be free

14  from costly and harassing litigation and other litigants waiting their turns to have other matters

15  resolved); *see also, Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674-75 (9th Cir.

16  1971); *Von Poppenheim v. Portland Boxing & Wrestling Commission*, 442 F.2d 1047, 1049-50

17  (9th Cir. 1971).

18       Petitioner need not identify the law that makes the alleged conduct wrong.  He may use

19  his own language to state, simply and directly, the wrong that has been committed and clearly

20  explain how each state actor identified as a defendant was involved and what relief is requested

21  of each defendant. *Jones v. Community Redevelopment Agency of the City of Los Angeles*, 733

22  F.2d 646 (9th Cir. 1984);  *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978).

23       Accordingly, if petitioner wishes to continue this litigation he must file an amended

24  complaint.  A prisoner pursuing civil rights claims without counsel, like all other litigants, is

25  required to obey the court's orders, including an order to amend his pleading.  *Ferdik v.*

26  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th

1  Cir. 2002).  His failure to obey the court's orders and the local and federal rules and meet his

2  responsibilities in prosecuting this action may justify dismissal, including dismissal with

3  prejudice.  *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's

4  failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291

5  F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order

6  requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D.

7  Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with

8  prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d

9  1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to

10 prosecute); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without

11 prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of

12 any change of address).

13        An amended complaint must adhere to the following requirements:

14        It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

15 Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is

16 filed, the original pleading is superseded.

17        It must show that the federal court has jurisdiction and that the action is brought in the

18 right place, that petitioner/plaintiff is entitled to relief if the allegations are true, and must contain

19 a request for particular relief.  Petitioner/plaintiff must identify as a defendant only persons who

20 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

21 *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

22 he does an act, participates in another's act or omits to perform an act he is legally required to do

23 that causes the alleged deprivation).

24        It must contain a caption including the name of the court and the names of all parties.

25 Fed. R. Civ. P. 10(a).

26 ////

1  Petitioner/plaintiff may join multiple claims if they are all against a single defendant.

2  Fed. R. Civ. P. 18(a).  If he has more than one claim based upon separate transactions or

3  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

4  Petitioner/plaintiff may join multiple claims if they are all against a single defendant.  Fed. R.

5  Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple

6  lawsuits.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim

7  . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against

8  an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against

9  Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims

10  against different defendants belong in different suits, not only to prevent the sort of morass [a

11  multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

12  required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits

13  or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §

14  1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2)

15  (joinder of defendants not permitted unless both commonality and same transaction requirements

16  are satisfied).  Petitioner/plaintiff may not change the nature of this suit by alleging new,

17  unrelated claims in an amended complaint.  *George*, 507 F.3d at 607 (no "buckshot"

18  complaints).     The allegations must be short and plain, simple and direct and describe the relief

19  plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002);

20  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling

21  pleading, including many defendants with unexplained, tenuous or implausible connection to the

22  alleged constitutional injury or joining a series of unrelated claims against many defendants very

23  likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

24  plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

25  these instructions.

26  ////

1    Petitioner/plaintiff is cautioned against including exhibits or attachments with no

2  relationship to his claims.

3    Petitioner/plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an

4  amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary

5  support for his allegations and that for violation of this rule the court may impose sanctions

6  sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

7    A prisoner may bring no § 1983 action until he has exhausted such administrative

8  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

9  *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint petitioner/plaintiff

10 certifies his claims are warranted by existing law, including the law that he exhaust

11 administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire

12 action.

13    Accordingly, it hereby is ordered that:

14    1.  Petitioner's request to proceed in forma pauperis is granted.

15    2.  Petitioner shall pay the statutory filing fee of $350.  All payments shall be collected in

16 accordance with the notice to the Director of the California Department of Corrections and

17 Rehabilitation filed concurrently herewith.

18    3.  Petitioner's January 7, 2010 motion for appointment of counsel is denied.

19    4.  Petitioner's initial filing is dismissed with leave to file an amended complaint within

20 30 days.  Any amended complaint must bear the docket number assigned to this case and be

21 titled "First Amended Complaint."

22    5.  The Clerk of the Court is directed to send to petitioner a copy of the form used in this

23 court for the filing of a civil complaint pursuant to 42 U.S.C. § 1983.

24 ////

25 ////

26 ////

1        6.  Failure to comply with this order will result in a recommendation that this action be

2    dismissed.

3    Dated:  June 29, 2010.

4                                              EDMUND F. BRENNAN
                                               UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26