IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JAMES WALKER,

        Plaintiff,                    No. CIV S-10-0053 WBS EFB P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.           ORDER

_____/

        Michael J. Walker, an inmate confined at Pleasant Valley State Prison, proceeds pro se with this civil action pursuant to 42 U.S.C. § 1983. On June 30, 2010, the court dismissed plaintiff's complaint with leave to amend. On October 4, 2010, plaintiff filed an amended complaint. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

As plaintiff is aware, a district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

Like his original complaint, the amended complaint violates Rule 8(a) of the Federal Rules of Civil Procedure. Even a *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a), which "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.,* 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The amended complaint consists of multiple documents filed together as one, but it is not readily apparent whether all of the documents are meant to serve together as a complaint or whether some of the documents are intended to function as exhibits. The first document is titled "First Amended Declaration in Chief Ad damnum, Demand for Jury Trial For My Injuries & Damages," which the court construes as the body of the amended complaint. However, plaintiff also submits a document called "Article of

Proof," "Hand written Declaration of [Plaintiff]," in which plaintiff complains generally about inadequate health care he has received over the years in various institutions within the California Department of Corrections and Rehabilitation. Also attached are documents labeled "Declaration of Citizenship," "Motion for determination of jurisdiction," "Incorporated, Established Common Law True Bills," "Declaration of God Given Rights," and "Declaration of My Constitutional Rights." Plaintiff also filed a "Notice of Omnibus Motion," The purpose and meaning behind these documents is unclear, and their inclusion results in a complaint that is so prolix and obscure that the court cannot reasonably discharge its responsibility under § 1915A. As it stands, the court is required to guess who is being sued for what.

The amended complaint does not contain a caption including the names of all parties. Plaintiff refers generally to "defendants," but does not specifically identify individual defendants or link individual defendants to an alleged deprivation of his rights. If the pleading were served in its present form it would not give defendants fair notice of the claims against them and their best guess about the nature of the complaint may be quite different than the court's. Because plaintiff has failed to comply with Rule 8 and the court's first screening order, the complaint is dismissed. In an amended complaint, plaintiff should refrain from including unnecessary and confusing exhibits that are neither relevant nor helpful in determining whether plaintiff has alleged a cognizable claim for relief.

The court notes that plaintiff references not only himself in the complaint, but also "many" other prisoners. Plaintiff, who is incarcerated and proceeding pro se, is hereby informed that this action will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff. Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir.1982) (stating that a party must assert his own rights, not those of third parties) (citing *Duke Power Co. v. Carolina Envtl Study Group*, 438 U.S. 59, 80 (1978)); *Warth v. Seldin*, 422 U.S. 490, 499 (1974) ("The Art. III judicial power

exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . . .'"); *see also Swygert v. Veal*, 2008 U.S. Dist. LEXIS 34655, 2008 WL 724193, at *3 (E.D. Cal. Mar. 17, 2008) ("It is well established that a layperson cannot ordinarily represent the interests of a class. . . . This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se."). As plaintiff can only litigate this action on his own behalf, he must, in an amended complaint, refer only to alleged violations of *his* constitutional rights, and not the rights of others.

The court also notes that plaintiff complains of allegedly inadequate medical care he received at Pleasant Valley State Prison, where he is currently incarcerated. Pleasant Valley is located in Fresno County, which is in the Fresno Division of this court. If that is where the events or omissions giving rise to plaintiff's claims occurred, then this action should have commenced there. *See* Local Rule 120(d); 28 U.S.C. § 1404; *see also Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise venue sua sponte where defendant has not yet filed a responsive pleading and the time for doing so has not run). If, in an amended complaint, it appears that venue is not proper, the court may transfer this action to the proper court.

If plaintiff wishes to pursue an Eighth Amendment claim based upon allegedly unconstitutional conditions of confinement or deliberate indifference to his medical needs, he must specifically identify each defendant and state how that defendant personally participated in violating his rights. Plaintiff's general and conclusory allegations of improper medical care and overcrowded conditions fall short of supporting a claim. Moreover, overcrowding by itself is not a constitutional violation. *Doty v. County of Lassen*, 37 F.3d 540, 545 n.1 (9th Cir. 1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1249 (9th Cir. 1982). Thus, to proceed plaintiff must file an amended complaint.

////

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S. at 835-37. Neither defendant's negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

In addition to the above, an amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original pleading is superseded.

It must show that the federal court has jurisdiction and that the action is brought in the right place, that plaintiff is entitled to relief if the allegations are true, and must contain a request for particular relief. Petitioner/plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do

that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If he has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints). The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure

for violation of these instructions.

Plaintiff is cautioned against including exhibits or attachments with no relationship to his claims.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint petitioner/plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

Accordingly, it hereby is ordered that:

1. Plaintiff's October 4, 2010 complaint is dismissed with leave to file an amended complaint within 30 days. Any amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint."

2. The Clerk of the Court is directed to send to plaintiff a copy of the form used in this court for the filing of a civil complaint pursuant to 42 U.S.C. § 1983.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 8, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE